**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 05-88-T** |
| | : | |
| **JOSE ALVARADO** | : | |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF BAIL

Now comes the defendant, Jose Alvarado, by and through counsel, and hereby moves this Honorable Court for reconsideration of bail. A memorandum of law in support of this motion is attached.

Respectfully submitted,
JOSE ALVARADO,
By counsel,

JOHN E. MACDONALD, 5368
LAROCHELLE & MACDONALD, INC.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
Telephone: 401.421.1440
Facsimile: 401.421.1442

## CERTIFICATION

I hereby certify that on 8-15-05 a true copy of this document was delivered to A.U.S.A. Richard Rose, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 05-88-T** |
| | : | |
| **JOSE ALVARADO** | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF BAIL

Now comes the defendant, Jose Alvarado, by and through counsel, and hereby submits the following memorandum in support of his motion for reconsideration of bail.

## FACTS AND TRAVEL

On August 5, 2005 a detention hearing was held before Magistrate Lincoln D. Almond. At this hearing, Mr. Alvarado was ordered detained without bail. As the basis for detention, the Court noted that there was a serious risk that Mr. Alvarado would not appear at trial because he is facing potential incarceration and deportation. The Court also noted that while Mr. Alvarado has family and financial ties to the District, his financial assets could be used to flee. On August 12, 2005, Mr. Alvarado was arraigned on a two-count indictment charging him with passport application fraud and making a false claim of United States citizenship. The Court continued Mr. Alvarado's detention based upon the lack of any changed circumstances.

On August 12, 2005, a judge in the Taunton District Court granted Mr. Alvarado's motion to vacate two separate felony convictions to which he pled nolo contendere in April of 2000.[1] See attached order. These convictions were vacated for failure to receive the required

[1] The attached motions reflect the trial court's handwritten order to vacate the April 4, 2000 felony convictions.

alien warnings as required by M.G.L. c. 278 §29D. These matters are set down for pre-trial conference on August 30, 2005.

## ARGUMENT

### I. THE VACATION OF FELONY CONVICTIONS CONSTITUTES A CHANGED CIRCUMSTANCE FOR THE COURT TO RECONSIDER SETTING BOND.

Mr. Alvarado appears before this Court with no prior criminal convictions. A plea of guilty to both counts in the indictment places him in an offense level of eight and a criminal history category of I for a sentencing range of 0 to 6 months. The offense level may be lowered for acceptance of responsibility but the sentencing range would remain 0 to 6 months. The offense in this matter dates back to March of 2003. The charges are non-violent in nature. Mr. Alvarado fully cooperated with authorities during this time. He made no attempt to flee the jurisdiction in the last two years. While there is a risk of incarceration in any case, the minimal incarceration reflected in the guideline range is not sufficient motive to flee in this matter.

Mr. Alvarado's status as an illegal alien does not render him a risk of flight. Mr. Alvarado has resided in the United States since 1995. He is married to Jacqueline Mendez and together they have a 15 month old child, Jose, a United States citizen. Mr. Alvarado owns property in Rhode Island. When he is referred to immigration court, Mr. Alvarado will be eligible for bond. He is also eligible for relief from deportation in the form of asylum and withholding of removal.

**CONCLUSION**

For the foregoing reasons, the defendant, Jose Alvarado, respectfully requests that this Honorable Court grant his motion to reconsider bail.

Respectfully submitted,
JOSE ALVARADO,
By counsel,

JOHN E. MACDONALD, 5368
LAROCHELLE & MACDONALD, INC.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
Telephone: 401.421.1440
Facsimile: 401.421.1442

**CERTIFICATION**

I hereby certify that on 8-15-05 a true copy of this document was delivered to A.U.S.A. Richard Rose, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

TRIAL COURT OF MASSACHUSETTS
TAUNTON DISTRICT COURT

COMMONWEALTH OF MASSACHUSETTS :
:
VS. : No.: 9931CR 003134
:
JOSE ALVARADO :

## DEFENDANT'S MOTION TO VACATE JUDGMENT

The defendant in the above-entitled matter moves this Honorable Court, pursuant to G.L. c. 278 § 29D, to vacate the judgments entered against him in the above-entitled matters on April 4, 2000 and permit him to withdraw his admission to sufficient facts for a finding of guilty or guilty plea and enter a plea of "not guilty".

As grounds therefore, defendant asserts that this Court failed to advise him fully that this conviction may have the consequence of deportation from the United States, that he may excluded from admission to the United States or that he may be denied naturalization to the United States, all as required by G.L. c. 278 § 29D and as interpreted by the Supreme Judicial Court of the Commonwealth of Massachusetts in Commonwealth v. Soto, 431 Mass. 340, 727 N.E.2d 811 (2000).

Defendant avers that he is in imminent danger of immigration consequences set out in the statutory warning. *See*, Commonwealth v. Rzepphiewski, 431 Mass. 48, 49-50 (2000), Commonwealth v. Lopez, 426 Mass. 657, 659 n.2 (1998) and Commonwealth v. Agbogun, 58 Mass. App. Ct. 206, 208 (2003).

A true copy, Attest:

Assistant Clerk

The defendant further avers that his admission to sufficient facts for a finding of guilty in the jury-waived session of the District Court is the functional equivalent for the purposes of G.L. c. 278, § 29D of a guilty plea under the holding of the Supreme Judicial Court in Commonwealth v. Mahadeo, 397 Mass. 314 (1986).

The defendant refers this Honorable Court to his memorandum of law in support hereof, the defendant's affidavit in support hereof and motion to waive presence, and accompanying exhibits, attached hereto and incorporated herein by reference.

Defendant,
JOSE ALVARADO
By his Attorney,

David A. Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

**CERTIFICATION**

I hereby certify that on this the _____ day of July, 2005, I served a true and correct copy of the within Motion upon

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

TRIAL COURT OF MASSACHUSETTS
TAUNTON DISTRICT COURT

COMMONWEALTH OF MASSACHUSETTS :
:
VS. : No.: 9931CR 004587
:
JOSE ALVARADO :

## DEFENDANT'S MOTION TO VACATE JUDGMENT

The defendant in the above-entitled matter moves this Honorable Court, pursuant to G.L. c. 278 § 29D, to vacate the judgments entered against him in the above-entitled matters on April 4, 2000 and permit him to withdraw his admission to sufficient facts for a finding of guilty or guilty plea and enter a plea of "not guilty".

As grounds therefore, defendant asserts that this Court failed to advise him fully that this conviction may have the consequence of deportation from the United States, that he may excluded from admission to the United States or that he may be denied naturalization to the United States, all as required by G.L. c. 278 § 29D and as interpreted by the Supreme Judicial Court of the Commonwealth of Massachusetts in Commonwealth v. Soto, 431 Mass. 340, 727 N.E.2d 811 (2000).

Defendant avers that he is in imminent danger of immigration consequences set out in the statutory warning. *See*, Commonwealth v. Rzepphiewski, 431 Mass. 48, 49-50 (2000), Commonwealth v. Lopez, 426 Mass. 657, 659 n.2 (1998) and Commonwealth v. Agbogun, 58 Mass. App. Ct. 206, 208 (2003).

A true copy, Attest: David J. Cassidy
Assistant Clerk

The defendant further avers that his admission to sufficient facts for a finding of guilty in the jury-waived session of the District Court is the functional equivalent for the purposes of G.L. c. 278, § 29D of a guilty plea under the holding of the Supreme Judicial Court in Commonwealth v. Mahadeo, 397 Mass. 314 (1986).

The defendant refers this Honorable Court to his memorandum of law in support hereof, the defendant's affidavit in support hereof and motion to waive presence, and accompanying exhibits, attached hereto and incorporated herein by reference.

Defendant,
JOSE ALVARADO
By his Attorney,

_________________________
David A. Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

## CERTIFICATION

I hereby certify that on this the _____ day of July, 2005, I served a true and correct copy of the within Motion upon

Alvarado.Motion.Vacate.Judgmnt.doc