IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 05-088-T |
| | : | |
| JOSE ALBERTO ALVARADO | : | |

**UNITED STATES' OBJECTION TO DEFENDANT JOSE ALVARADO'S MOTION FOR RECONSIDERATION OF BAIL**

The United States objects to the Defendant's Motion For Reconsideration of Bail for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

United States of America
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th of August, 2005, I served a copy of the within United States' Objection to Defendant's Motion for Reconsideration of Bail by fax to:

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903

Heather McLoughlin
US Probation Officer
US Probation Office
36 Exchange Terrace
Providence, Rhode Island 02903

Charleen L. Tryhubczak
US Probation Officer
US Probation Office
36 Exchange Terrace
Providence, Rhode Island 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 05-088-T |
| | : | |
| JOSE ALBERTO ALVARADO | : | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT JOSE ALVARADO'S MOTION FOR RECONSIDERATION OF BAIL**

## I. INTRODUCTION

The defendant was charged by Criminal Complaint with filing a false passport application and falsely representing himself to be a United States citizen in violation of 18 U.S.C. §§ 1542 and 911. At the time, the defendant was in Immigration and Customs Enforcement ("ICE") custody. He had been arrested and detained as an illegal alien by ICE since June 2005.

On August 5, 2005 the defendant appeared before this Honorable Court for an initial appearance on the Complaint. This Court found that the defendant was a risk of flight and ordered the defendant detained. The Court based its findings on the defendant's prior record, that he was subject to deportation, and because he appeared to have significant personal assets which increased his risk of flight. On August 12, 2005 the defendant was arraigned on the same charges as those in the Complaint and the Court continued its detention order. The defendant's instant motion followed the apparent vacation of his Massachusetts

convictions on the basis of the fact that he was not warned prior to his change of plea in those cases about the potential immigration consequences of his plea. Regardless, the government still objects to this Court releasing the defendant. In addition, on information and belief, ICE has filed a detainer on the defendant should bail be granted in this case making it almost a moot point.

## II. ARGUMENT

### 1. THE DEFENDANT'S CHANGE IN CIRCUMSTANCE DOES NOT ALTER HIS RISK OF FLIGHT.

The defendant correctly points out that he is facing a minimal amount of imprisonment (0 to 6 months) under the Sentencing Guidelines. This was always the case. The change in criminal history does not significantly influence the guideline range. The defendant argues that his change in circumstances makes him eligible for "relief from deportation in the form of asylum and withholding of removal." Defendant's Memorandum, p.2. The government does not share the defendant's view of the record nor of ICE's largess. Indeed, the defendant would be standing before the Immigration Court as an illegal alien, a convicted felon in connection with passport fraud, and an admitted member of MS-13, an international street gang with a history of extreme violence. On these facts, it is very likely that he will be deported from the United States. Because he faces deportation and would be subject to criminal prosecution with a prior

aggravated felony conviction should he reenter (based on the current charges) the defendant is a serious risk of flight. He has, as the Court previously noted, substantial assets. He is obviously familiar with the immigration system and criminally able enough to change his name and identity and relocate to another part of the United States. For all these reasons, the United States believes the defendant is still a risk of flight and respectfully requests that his detention be continued.

## III. CONCLUSION

For all the foregoing reasons the defendant's motion should be denied.

Respectfully submitted,

United States of America
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th of August, 2005, I served a copy of the within Government's Memorandum of Law in Support of its Response to Defendant's Motion for Reconsideration of Bail by fax to:

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903

Heather McLoughlin
US Probation Officer
US Probation Office
36 Exchange Terrace
Providence, Rhode Island 02903

Charleen L. Tryhubczak
US Probation Officer
US Probation Office
36 Exchange Terrace
Providence, Rhode Island 02903