UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-88T |
| | : | |
| JOSE ALVARADO | : | |

# MEMORANDUM AND ORDER

Before the Court for determination is Defendant's Motion for Reconsideration of Bail. (Document No. 10). The Government has objected. (Document No. 15). A hearing was held on August 24, 2005. For the reasons discussed below, Defendant's Motion is DENIED.

## Background

Defendant is charged in a two-count indictment with passport application fraud (18 U.S.C. § 1542) and false claim of U.S. citizenship (18 U.S.C. § 911). Defendant has apparently entered into a plea agreement by which he will plead guilty to the former charge and the latter will be dismissed. Defendant initially appeared before this Court on August 5, 2005 and was ordered detained based on risk of flight for the following stated reasons:

> Although Defendant has family and financial ties to this District, he is facing potential incarceration and then deportation and is currently held on an immigration detainer. Defendant has significant liquid assets which he could use to flee the District.

At the time of his initial appearance, Defendant was in the custody of immigration authorities as an illegal alien and had apparently been in immigration custody since June of 2005. Defendant remains subject to an immigration detainer. According to defense counsel, Defendant is currently scheduled to appear for a bail hearing in Immigration Court on September 14, 2005.

**Discussion**

Defendant contends that reconsideration of bail is warranted by a recent change of circumstances. At the time of Defendant's first bail hearing, it was reported to the Court that Defendant's criminal history included two 2000 Massachusetts state convictions – one involving six counts of malicious destruction of property and six counts of breaking and entering, and the other involving six counts of breaking and entering with intent to commit a felony. On August 12, 2003, these convictions were vacated due to noncompliance with Mass. Gen. Laws ch. 278, § 29D which requires warnings to aliens regarding the potential for adverse immigration consequences following a criminal conviction. These criminal charges have not been dismissed and are still pending against Defendant in Massachusetts and the case is scheduled for a conference on August 30, 2005. Defendant argues that the fact that these convictions have been vacated increases the likelihood of Defendant getting bail from the Immigration Court and ultimately avoiding deportation. The Government contends that the fact that those convictions for crimes of violence have been vacated on procedural grounds is not particularly compelling in Defendant's favor. The Government also points out that Defendant's potential for deportation will be adversely impacted by his upcoming plea of guilty to the felony charge of passport application fraud.

It is apparent, as argued by Defendant's counsel, that Defendant's main priority is to remain in the United States. Although the potential term of incarceration for Defendant's passport application fraud conviction does not appear lengthy, the more serious potential consequence for Defendant is deportation which, according to the Government's proffer, is likely in this case. In other words, while Defendant would not likely flee from a brief potential term of incarceration, the risk of flight is greater if Defendant believes that such incarceration will be followed by likely

deportation. Defendant apparently has liquid assets he could use to flee and has shown an ability to use an alias and obtain false identification documents which is the basis for the charges pending in this case.

**Conclusion**

For the reasons stated above, the change in circumstances relied upon by Defendant does not convince this Court to reconsider its prior detention order and finding that Defendant presents a risk of flight. Thus, Defendant's Motion for Reconsideration of Bail (Document No. 10) is DENIED. Defendant may file a second motion for reconsideration based on any future change in circumstances regarding Defendant's immigration case or his attempts to obtain relief from deportation.

LINCOLN D. ALMOND
United States Magistrate Judge
August 25, 2005